**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUDY ROMEO VASQUEZ-PEREZ, | No. 10-72512 |
| Petitioner, | Agency No. A072-671-300 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 19, 2012[**]

Before:    LEAVY, HAWKINS, and HURWITZ, Circuit Judges.

Rudy Romeo Vasquez-Perez, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his applications for asylum,

withholding of removal, protection under the Convention Against Torture

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252; *see also Pinto v. Holder*, 648 F.3d 976, 980 (9th Cir. 2011) ("the BIA's decision denying asylum, withholding of removal, and CAT protection but remanding to the IJ for voluntary departure proceedings is a final order of removal"). We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Vasquez-Perez contends that guerrillas threatened him on account of an imputed political opinion and/or his membership in a particular social group consisting of his family. Substantial evidence supports the agency's denial of Vasquez-Perez's asylum and withholding of removal claims because he failed to demonstrate he was or will be harmed on account of a protected ground. *See Pedro-Mateo v. INS*, 224 F.3d 1147, 1151 (9th Cir. 2000) (indigenous Guatemalan failed to show that forced recruitment was on account of protected ground); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992) (to reverse, evidence must "compel" contrary conclusion). Accordingly, in the absence of a nexus to a protected ground, Vasquez-Perez's asylum and withholding of removal claims fail. *See Ochoa v. Gonzales*, 406 F.3d 1166, 1172 (9th Cir. 2005).

Substantial evidence also supports the agency's denial of CAT relief because Vasquez-Perez failed to show it is more likely than not he will be tortured with the consent or acquiescence of the government if returned to Guatemala. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Because there is no indication that the agency applied the standards of the REAL ID Act to this case, the BIA's mistaken citation to it is harmless error. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095 (9th Cir. 2000) (requiring prejudice to prevail on a due process claim).

We lack jurisdiction to review Vasquez-Perez's unexhausted contention that, even in the absence of a well-founded fear, he is eligible for relief under 8 C.F.R. § 1208.13(b)(1)(iii). *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

Regarding his cancellation of removal claim, Vasquez-Perez contends the IJ inappropriately discounted the harm to his U.S. citizen children and applied the wrong legal standard. Because the agency applied the correct legal standard, we lack jurisdiction to review its discretionary hardship determination. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

Finally, Vasquez-Perez's claim that the IJ erred by not reviewing the evidence prior to the hearing fails, because he has not shown error or prejudice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000). His claim that the agency

did not give any weight to his declaration fails because he did not overcome the presumption that agency considered all the relevant evidence. *See Larita-Martinez*, 220 F.3d at 1095-96.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**